UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TADEUSZ MICHAL S.,

                           **Plaintiff,**

  vs.                                                             8:19-CV-496
                                                                        (MAD/CFH)

ANDREW SAUL,
*Commissioner of Social Security*,

                           **Defendant.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

Tadeusz Michal S.
Plaintiff *pro se*

**SOCIAL SECURITY ADMINISTRATION**      **HEATHER SERTIAL, ESQ.**
Office of Regional General Counsel - Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      Plaintiff initiated this action on April 25, 2019, seeking judicial review of his request to waive an overpayment of disability insurance benefits ("DIB") under Title II of the Social Security Act. *See* Dkt. No. 1 at 3. Defendant has moved to dismiss the action under 12(b)(1) for lack of subject matter jurisdiction and 12(b)(5) for insufficient service of process. *See* Dkt. No. 8-1 at 2. For the following reasons, the Motion to Dismiss is granted and the case is dismissed.

## II. BACKGROUND

**A.**     **Facts**

Plaintiff applied for DIB on February 16, 2016, and was initially found disabled as of March 14, 2016. *See* Dkt. No. 8-3 at 4. However, Plaintiff maintained that his disability began on April 9, 2015, and requested a hearing. Dkt. No. 8-2 at ¶ 4. After that hearing, an Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff had not been disabled since December 1, 2015. *Id.* at ¶ 5. Thus, the Commissioner of Social Security (the "Commissioner") determined that Plaintiff was overpaid $49,003.00 in DIB and assessed an overpayment. *See* Dkt. No. 13 at 8. On April 26, 2018, Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council on March 19, 2019. *See* Dkt. No. 8-2 at ¶ 6; Dkt. No. 8-4 at 5.

On August 17, 2018, Plaintiff visited the Plattsburgh field office of the Social Security Administration (the "SSA") and orally requested that Defendant waive his overpayment. *See* Dkt. No. 8-2 at ¶ 7. The field office gave Plaintiff a Form SSA-632 Overpayment Waiver Request for completion. *Id.* On August 27, 2018, the SSA sent a notice and incomplete Form SSA-632 to Plaintiff with instructions on how to complete the form. *Id.* at ¶ 8. The SSA never received the completed form or the additional information it requested. *Id.* Instead, on August 31, 2018, the SSA received Form SSA-561 Request for Reconsideration, in which Plaintiff requested waiver of the overpayment. *Id.* at ¶ 9. That request is still pending before the SSA. *Id.*

**B.    Procedural History**

On April 25, 2019, Plaintiff commenced this action under Section 1983, seeking judicial review of his request to waive an overpayment of DIB under Title II of the Social Security Act. *See* Dkt. No. 1 at 1, 3. On July 18, 2019, Defendant moved to dismiss the action, arguing that the Court lacks subject matter jurisdiction because (1) Plaintiff erred in bringing his claim under 42 U.S.C. § 1983, given that 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial

review of a benefits determination and (2) Plaintiff did not exhaust his administrative remedies and obtain a final decision from the Commissioner before commencing this action. *See* Dkt. No. 8-1 at 4. Defendant also moved to dismiss the case for insufficient service of process because Plaintiff failed to serve the Complaint and Summons on the Commissioner. *See id*. Plaintiff filed an Opposition to the Motion to Dismiss, in which he asked the Court to order Defendant to return $3,622.00 to him which the SSA withheld from his benefits to repay the overpayment. *See* Dkt. No. 13 at 1. On August 6, 2019, Defendant filed a Reply. *See* Dkt. No. 14.

### III. DISCUSSION

**A.     42 U.S.C. § 1983 and 42 U.S.C. § 405(g)**

Defendant first argues that the Court should dismiss the case because Plaintiff erroneously brought this action under 42 U.S.C. § 1983, and 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review of a benefits determination. *See* Dkt. No. 8-1 at 4-5.

The United States and its agencies, such as the SSA, have immunity from suit absent waiver. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Social Security Act waives the SSA's sovereign immunity in limited circumstances, including permitting federal courts to review "final decisions" of the SSA that involve Title II disability claims. *See* 42 U.S.C. §§ 405(g), (h). Specifically, Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), states:

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party,
> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after
> the mailing to him of notice of such decision or within such further
> time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(h) provides that review under Section 405(g) is the exclusive means of review. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as

herein provided"); *see also Keesing v. Apfel*, 124 F. Supp. 2d 134, 135 (N.D.N.Y. 2000) ("It is well-settled that the district court may not review an adverse decision of the Commissioner regarding the plaintiff's entitlement to SSI except as expressly authorized by the Social Security Act, 42 U.S.C. 1383(c)(3)(incorporating section 405(g))"). Section 405(h) applies to "[c]laims for money, claims for other benefits, claims of program eligibility, and claims that contest a sanction or remedy." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 14 (2000).

Plaintiff brought this action under 42 U.S.C. § 1983, requesting "waiver of the overpayment of disability benefits as the overpayment was not the result of any acts of Plaintiff." *See* Dkt. No. 1 at 3. Section 1983 protects against state action or those acting under the color of state law. *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 835 (1982)). As Plaintiff names only the SSA, and sets forth no indication that there was any action taken under the color of state law, Section 1983 does not apply. Still, "in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). Accordingly, the Court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Although Plaintiff cannot bring this case under Section 1983, Plaintiff can request review of a final overpayment decision under Section 405(g). Therefore, in light of Plaintiff's *pro se* status, the Court will construe this case as having been brought pursuant to 42 U.S.C. § 405(g). *See, e.g.*, *Dingman v. Soc. Sec. Admin.*, No. 1:16-CV-00393, 2016 WL 6693542, *1 n.1 (N.D.N.Y. Nov. 14, 2016) (construing a social security case that was improperly brought pursuant

to 42 U.S.C. § 1983 as having been brought under 42 U.S.C. § 405(g)); *Townsend-White v. Soc. Sec. Admin.*, No. 1:16-CV-919, 2017 WL 8230521, *1 (N.D.N.Y. Nov. 20, 2017), *report and recommendation adopted*, No. 1:16-CV-919, 2018 WL 1357370 (N.D.N.Y. Mar. 15, 2018) (interpreting a *pro se* plaintiff's complaint "as if brought pursuant to section 405(g) rather than 42 U.S.C. § 1983").

**B.     Subject Matter Jurisdiction**

A "case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011), *aff'd*, 568 U.S. 85 (2013). The "plaintiff asserting subject matter has the burden of proving by a preponderance of the evidence that it exists." *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002); *see also Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (noting that "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it"). The court may refer to evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (holding that, in a motion to dismiss for lack of subject matter jurisdiction, a court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits").

As discussed above, the Social Security Act permits claimants to seek review in federal court of "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party." *See* 42 U.S.C. § 405(g); *see also Mathews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995) ("It is well settled that . . . judicial review of Social Security benefit

determinations is limited to 'final' decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court").  "In order to exhaust the administrative review process and obtain a final decision that may be subject to federal district court review, a claimant must proceed through the following four steps: (1) initial determination, (2) reconsideration, (3) hearing before an ALJ, and (4) review by the Appeals Council." *Oji v. Soc. Sec. Admin.*, No. 12-CV-7338, 2015 WL 6741863, *15 (S.D.N.Y. Nov. 4, 2015) (citations omitted); *see also Crever v. Comm'r of Soc. Sec.*, No. 08-CV-391, 2010 WL 2400083, *2 n.3 (N.D.N.Y. May 18, 2010), *report and recommendation adopted*, No. 6:08-CV-0391, 2010 WL 2400066 (N.D.N.Y. June 10, 2010) ("To complete the administrative process, a claimant must first receive an initial determination.  If the claimant is dissatisfied with the determination, he may seek reconsideration of the initial determination.  If the claimant is still unhappy with the decision upon reconsideration, he may request a hearing before an ALJ.  The claimant may request additional review from the Appeals Council.  Finally, the claimant may bring the claim to federal court for review.") (citing 20 C.F.R. §§ 404.900(a)(1)-(5)).

"[E]xhaustion of remedies provisions like those in Section 405(g) & (h), which require an administrative hearing and final agency determination before a party can seek judicial review, exist for the dual purposes of protecting administrative agency authority and promoting judicial efficiency." *Dingman*, 2016 WL 6693542, at *4 (citing *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992), *superseded by statute on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006)). Challenges to the SSA's determinations regarding the existence of any overpayment of benefits or whether an overpayment of benefits must be repaid are initial determinations subject to the administrative review process.  *See* C.F.R. § 404.902(j), (k) (listing such actions as types of initial

determinations); *Marks v. United States*, No. C07-5679, 2008 WL 803150, *5 (W.D. Wash. Mar. 24, 2008) ("Jurisdiction to consider any claim regarding overpayment and denial of benefits lies exclusively under 42 U.S.C. § 405(g)").

Here, the Complaint does not allege that Plaintiff exhausted his administrative remedies prior to bringing this claim. As Defendant notes, "a hearing has not been held, Plaintiff has not formally requested a waiver of his overpayment, and the reconsideration request is still pending." *See* Dkt. No. 8-1 at 7. In fact, Plaintiff does not dispute the fact that he did not complete these administrative processes before commencing this action, instead using his Opposition to reiterate his request for an overpayment waiver. *See* Dkt. No. 13 at 1. Thus, Plaintiff does not have a final decision on the assessed overpayment or the overpayment waiver request, as Section 405(g) requires prior to judicial review. *See, e.g.*, 42 U.S.C. § 405(g); *Mathews*, 891 F. Supp. at 188. Moreover, Plaintiff has not alleged any permissible basis for waiver of the exhaustion requirement. *See Escalera v. Comm'r of Soc. Sec.*, 457 Fed. Appx. 4, 6 (2d Cir. 2011) (holding that a "plaintiff's failure to exhaust administrative remedies can be excused if (1) the claim is collateral to a demand for benefits; (2) exhaustion would be futile; or (3) requiring exhaustion would result in irreparable harm") (quotation omitted). Accordingly, this Court does not have subject matter jurisdiction over the appeal. Because the district court lacks the power to adjudicate the merits of the case, the Complaint is dismissed without prejudice.[1] *See Hernandez*

---

[1] Defendant also argues that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process because Plaintiff failed to serve the Summons and Complaint. *See* Dkt. No. 8-1 at 9-10. The Court reminds Plaintiff that, should he choose to file an amended complaint, he must serve Defendant pursuant to Federal Rule of Civil Procedure 4(i)(1)-(2) and Local Rule 5.1. *See* Fed. R. Civ. P. 4(i)(1)-(2); N.D.N.Y. L.R. 5.1; *see also Arndt v. Napolitano*, 495 Fed. Appx. 178, 179 (2d Cir. 2012) ("To serve process on a federal employee sued in an official capacity, 'a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . employee' . . . To

(continued...)

*v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) (holding that "where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice").

## IV. CONCLUSION

After careful review of the record, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss (Dkt. No. 8) is **GRANTED**; and the Court further

**ORDERS** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 17, 2019
       Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge

---

[1](...continued) serve the United States, a party must 'deliver a copy of the complaint to the United States attorney for the district in which the action was brought and also send a copy of the summons and complaint by registered or certified mail to the Attorney General'") (citing Fed. R. Civ. P 4(i)(1)-(2)) (other citation omitted).